**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANDREW WAYNE LOVETT,                                                                    PETITIONER
ADC # 144985

v.                                         5:14CV00141-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                       RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. BACKGROUND

Petitioner, Andrew Wayne Lovett, is an inmate at the Arkansas Department of Correction (ADC) Pine Bluff Unit. (Doc. No. 1.) On June 3, 2009, Mr. Lovett was convicted of second-degree murder, felon in possession of a firearm, and a firearm enhancement, and sentenced to consecutive sentences totaling sixty-eight years in prison. (Doc. No. 6 at 1.) The Arkansas Court of Appeals affirmed the conviction on April 13, 2011. *Lovett v. State,* 2011 Ark. App. 275. Mr. Lovett filed a pro se petition for postconviction relief pursuant to Arkansas Rule of Civil Procedure 37.1 on June 6, 2011. *Lovett v. State,* 2013 Ark. 8 at 1-2. It was denied on November 21, 2011. *Id.* at 2. On December 2, 2011, Mr. Lovett filed a motion for reconsideration, which was denied on February 2, 2012. Mr. Lovett then filed a second motion for reconsideration on February 10, 2012, which was denied on February 28, 2012. *Id.* On March 28, 2012, Mr. Lovett filed a notice of appeal from the circuit court's February 28, 2012 order. The Arkansas Supreme Court ruled that Mr. Lovett's March 28, 2012, notice of appeal was untimely because Mr. Lovett failed to file the notice of appeal within thirty days of the order denying his first motion for reconsideration. *Id.* at 3.

Mr. Lovett filed the instant Petition for Writ of Habeas Corpus (Doc. No. 1) on April 17,

2014, alleging that his trial counsel was ineffective for (1) failure to strike certain jurors for cause; (2) failure to properly investigate and otherwise prepare for trial; (3) failure to communicate with him in preparation for trial and in formulating trial strategy; (4) failure to seek a change of venue; (5) failure to call certain witnesses to provide exculpatory evidence; (6) failure to move for a mistrial due to juror misconduct; (7) failure to properly cross-examine certain witnesses; and (8) failure to object to the introduction of a prior conviction. (Doc. No. 1 at 8-10.) Mr. Lovett contends that but for these alleged errors by his attorneys, the result of the trial would have been different. (Doc. No. 1 at 12.)

## II. ANALYSIS

Respondent argues that Mr. Lovett's Petition is barred by the statute of limitations. (Doc. No. 6 at 3.) The Court agrees.

Title 28 U.S.C. § 2244 (d)(1) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right as been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or

  other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(d)(2).

  After carefully reviewing the record, the Court finds the instant Petition is untimely. The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Mr. Lovett did not properly seek review of the Arkansas Court of Appeals's decision, the judgment became final upon expiration of the time to seek review – eighteen days after the Arkansas Court of Appeals affirmed on April 13, 2011. Ark. R. S. Ct. 2-4(a) (2011); *Lovett v. State*, 2011 Ark. App. 275. Eighteen days expired on May 1, 2011, a Sunday, so the one-year limitation began on Monday, May 2, 2011.

  Title 28 U.S.C. § 2244(d)(2) allows for tolling of the statute of limitations during the time in which a post-conviction application is pending. 28 U.S.C. § 2244(d)(2). Mr. Lovett filed his Rule 37 petition on June 6, 2011. *Lovett v. State,* 2013 Ark. 8 at 1-2. It was denied on February 2, 2012, when the one-year limitation for filing began running again. *Id.* The time from June 6, 2011, to February 2, 2012, was tolled and did not count against Mr. Lovett's time to file the Petition. 28 U.S.C. § 2244(d)(2). On February 2, 2012, Mr. Lovett still had 330 days to timely file a federal habeas petition, or until December 28, 2012. He filed his Petition on April 17, 2014. (Doc. No. 1.) Therefore, Mr. Lovett's Petition is time barred.

  In addition, Mr. Lovett failed to file a timely notice of appeal with the Arkansas Supreme Court, which means Mr. Lovett failed to raise his claims in the proper state court proceeding, and is thus procedurally barred. Mr. Lovett's conviction was affirmed by the Arkansas Court of Appeals on April 13, 2011. *Lovett v. State,* 2011 Ark. App. 275. Mr. Lovett filed his notice of appeal on

March 28, 2012. *Lovett v. State,* 2013 Ark. 8 at 6. It was untimely because he failed to file within thirty days of February 2, 2012, the date his first motion for reconsideration was denied. *Id.* at 2.

Because Mr. Lovett did not file a timely notice of appeal with the Arkansas Supreme Court, his claims are barred from review under the procedural default doctrine. Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). After careful review, the Court concludes that Mr. Lovett fails to show any cause and prejudice.

Moreover, Mr. Lovett does not pass the test for the miscarriage-of-justice exception. Few petitioners are "within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Schulp v. Delo,* 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian,* 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo,* 513 U.S. at 316 (1995)). Mr. Lovett's claims do not qualify for either of these exceptions, and as such, should be dismissed as procedurally defaulted.

The federal habeas statutes govern the consideration of the merits of Mr. Lovett's Petition, and relief may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. §§ 2254(d)(1)-(2). Mr. Lovett alleges a myriad

5

of instances where his legal counsel was ineffective at trial, and further states that but for those errors, the result of the trial would have been different. (Doc. No. 1 at 8-10, 12.) The United States Supreme Court has addressed this issue and set a high mark for showing that legal counsel was ineffective. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). After further review of the record, this Court has determined that Mr. Lovett's trial court decision was neither unreasonable nor contrary to clearly established federal law, so the Petition should also be denied on this point.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time barred, procedurally defaulted, and the Petitioner's claims are without merit. Therefore, no certificate of appealability should be issued.

IV.  **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 12th day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE